MORRIS SAFFRAN AND BENJAMIN SAFFRAN, TRADING AS M. SAFFRAN & SON, PLAINTIFFS-APPELLEES, v. ANGELO GRILLO, DEFENDANT-APPELLANT.

Argued January term, 1926—Decided June 23, 1926.

Sales of Goods—Conditional Sales—Note Given With Conditional Bill of Sale and Renewed—Held, That Neither the Original Note nor the Renewals Constituted a Sale or Terminated Its Conditional Terms—No Error in Admitting Notes in Evidence nor in Excluding Evidence Regarding the Conditions Under Which Contract was Signed, the Contract Being in Evidence.

On appeal from the Elizabeth District Court.

Before Justices PARKER, MINTURN and BLACK.

For the appellant, *David S. Feinberg.*

For the respondent, *Stamler, Stamler & Koestler.*

PER CURIAM.

This is a replevin suit for the recover of a piano, sold under a conditional sale or lease, which provides for the purchase price of $600 to be paid $15 in cash and $575 by the note from Phillippo Stasi, and then recites: "But in default of either of said payments * * * I will return and deliver the same to M. Saffran & Son in good order." The instrument is in form a lease, but under the terms of the statute presents a conditional bill of sale.

A verdict was directed in favor of the plaintiffs, judgment was entered, and three grounds of appeal are urged for reversal—

1. That the court improperly admitted and refused evidence;

2. That a nonsuit should have been granted, and

3. That there was an error in directing a verdict.

The conditional sale or lease provided for the return of the piano in the event of default in payment. The contract calls for $600, but this was adjusted by the parties at $590, as Grillo paid $15 cash and gave the Stasi note for $575. This note was not produced, under a claim that it was destroyed. The contract of sale shows that Stasi's note was merely a conditional payment, and not accepted in satisfaction of the sale price. When the three months' note was not paid other notes were given in its place, providing for $50 payments per month. These notes were also the notes of Phillippo Stasi, under a company name. They were taken, as is claimed, in substitution of the note of $575 for the greater convenience of the parties, and not to release Grillo from his primary obligation to pay under his conditional agreement which was never surrendered, but was retained by plaintiff, and constitutes the basis for this suit.

Defendant's first point is error in admitting in evidence the series of ten substituted notes, because the same were made by F. Stasi Construction Company as drawer, and J. L. Saffran as payee, neither drawer nor payee being parties to the original contract. These notes were properly admitted in evidence to show the non-payment of the original note given under the terms of the contract of leasing, and were in nowise injurious to defendant, since they simply constituted an extension of the time afforded him by the contract, to comply with its terms.

The next point is error in excluding evidence as to the conditions under which contract of sale was signed. The contract was in evidence, and presented under the parol evidence rule the sole agreement between the parties, evidencing the conditions upon which the sale was made, particularly where fraud is not alleged as the basis for the claim.

The defendant's third point is error to grant a nonsuit on the ground of novation. The motion for the nonsuit at the trial was not made upon this ground, and cannot be urged here; besides, this contention ignores the fact that defendant expressly agreed to return the piano upon default in payment

of the note, and no question is made that these substituted notes were given for the same considerations, and were not paid.   Novation exists only by reason of an agreement, and there is no proof. that plaintiffs waived their rights at any time, to enforce the conditional agreement.   *Cooke* v. *Mc-Adoo*, 85 *N. J. L.* 693.

The final point is error in the refusal of defendant's motion for a direction of a verdict upon the ground that the receipt by plaintiffs of Stasi's note was payment and a compliance with the conditions of the sale.   The court construed the condition to be the actual payment of the note as a basis for vesting title.   To accept the defendant's construction would be to spell out of this agreement an absolute sale of the piano, a situation which clearly was not within the contemplation of the parties, and not evidenced by the agreement.

Under this point the defendant also contends that the plaintiffs' acceptance of the series of new notes was equivalent to payment and discharge of the original note.   It is enough to state that this question was not raised below.   At the trial the defendant objected to the admission in evidence of the substituted notes as "having nothing to do with the case," and he reiterated the quoted statement in his motion for direction of a verdict.   It cannot therefore be urged here.   In any event the mere acceptance of the series of installment notes in renewal or substitution of the original note raised no presumption of its payment, in the absence of other evidence of payment, to submit to the jury.   The presumption is that the notes were given in furtherance of the agreement of the parties, as evidenced by the contract.   *American Woolen Co.* v. *Maagel*, 86 *Conn.* 234.

The judgment will be affirmed.